BOUTALL, Judge.
Susan Stanhope claims damages for personal injuries which she sustained when a vehicle owned by Oscar Duran and driven by Hugo Dermody collided with her car. The defendants are Duran, Dermody and Allstate Insurance Company, Stanhope’s uninsured motorist carrier. Allstate filed a third party demand against Duran and Dermody. Dermody filed a reconventional demand against Stanhope and Allstate. Consolidated for trial with the above claims was Angel Junio’s suit against Stan-hope and Allstate. Junio was a guest passenger in the Duran vehicle. The trial court dismissed all claims and only Stan-hope has appealed.
Stanhope claims that she approached the corner of Magazine Street and Third Street with the intention of parking in that area and visiting a friend. She stopped at the stop sign and looked to her left in the direction of the traffic flow. She admitted that her vision of oncoming traffic was hampered by cars parked along Magazine, so she pulled up slightly and looked again. This time the way was clear so she pulled out and proceeded down Magazine slowly some four or five car lengths. Her intention was to stop parallel to a parked car and back into a vacant space to park next to the curb on Magazine. Just as she was about to stop she was struck from the rear by the vehicle driven by Dermody.
The version of the accident offered by Dermody and his guest passenger Junio is quite different. They claim that the Stan-hope car ran the stop sign and was making her turn onto Magazine when the accident occurred. Dermody testified that the first time he saw the Stanhope car was when the left rear tail light became visible midway through her turn. At this time he was two to four car lengths from the Stan-hope car. He stated that the collision definitely occurred at the intersection and that his car traveled one or two car lengths down Magazine after the accident. Under cross examination Dermody stated that the reason he did not see the Stanhope car until the tail light became visible is that his headlights had a defect, being focused at a distance of only 30 feet and not straight ahead, and that it was raining.
The investigating police officer testified that when he arrived on the scene the Stanhope car was forty feet from the intersection and beside it was some debris. The Dermody driven car was twenty to twenty-five feet from the intersection. He could not place the point of impact from the evidence at the scene.
The trial court found Dermody to be negligent for operating a car with defective headlights and for failing to see the Stanhope car when he should have. It also found Stanhope to be contributorily negligent.
The question of whether the court correctly found Stanhope to be contributorily negligent is the issue before this court. In its Reasons for Judgment the trial court states that the Stanhope car was in a . diagonal position across Dermody’s lane of travel and that from this position she would have been unable to turn her head to see up Magazine towards the oncoming *897 traffic. Obviously, this position entirely discounts Stanhope’s testimony that she was stopped some five car lengths from the intersection. The trial court neglected to make a specific finding as to where the point. of impact was and does not specifically discuss the credibility of the witnesses. However, it is apparent from a reading of the Reasons for Judgment that the trial court felt the impact occurred near the intersection and that Stanhope pulled into Dermody’s .lane without properly ascertaining if the way was clear.
The physical evidence is not in any way conclusive of either version of the accident. Therefore, for the trial court to have reached the conclusions it obviously has as to the point of impact and Stan-hope’s contributory negligence, it must have felt Dermody’s and Junio’s testimony to be the more credible. Their testimony would fully explain the ruling of the trial court and we find no manifest error in that ruling.
For the above reasons the judgment of the trial court is affirmed. Appellant is to pay all costs of this appeal.
AFFIRMED.